| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br><br>Court Address:  1100 Judicial Center Drive<br>                         Brighton, Colorado 80601<br><br>Phone:  (303) 659-1161 | DATE FILED: August 29, 2022 10:10 AM<br>FILING ID: A91E20C32A1D1<br>CASE NUMBER: 2022CV31178<br><br>▲ **COURT USE ONLY** ▲ |
| Plaintiff: JOSE MOSQUEDA RAMIREZ<br><br>v.<br><br>Defendants: GUADALUPE OCON PEREZ and AMC BUS, INC. | |
| **Attorneys for Plaintiff**<br>Name: COOK, BRADFORD & LEVY, LLC<br>Address: 2590 Trailridge Drive East, #202<br> Lafayette, CO 80026<br>Telephone: 303-543-1000<br>Facsimile: 303-543-8582<br>Atty. Reg: Jason D. Levy: #48571<br>Email: jason@colegalteam.com | Case Number:<br><br><br>Division: |
| **CIVIL COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiff, Jose Mosqueda Ramirez, by and through his attorneys, COOK, BRADFORD & LEVY, LLC, and hereby submits his Civil Complaint and Jury Demand against Defendants Guadalupe Ocon Perez and AMC Bus, Inc.  In support thereof, Plaintiff allege(s) and avers as follows:

## GENERAL ALLEGATIONS

1. At all times relevant to this action, Plaintiff Jose Mosqueda Ramirez (hereinafter "Plaintiff" or "Mosqueda Ramirez") is or was a resident of the State of Colorado, with a current mailing address of 6981 E 75th Ave, Denver, CO, 80222.

2. Upon information and belief, at all times relevant to this action, Defendant Guadalupe Ocon Perez (hereinafter "Defendant Perez") was a resident of El Paso County, State of Texas, with a mailing address of 9549 Waverly Drive, El Paso, TX, 79924.

3. Upon information and belief, at all times relevant to this action, Defendant AMC Bus, Inc. (hereinafter "AMC") was a Corporation organized under the laws of California, with its principal office address at 705 S Oregon St, El Paso, TX 79901. AMC is licensed to conduct business in the

State of Colorado, and its registered agent is Capitol Corporate Services, Inc., 36 South 18th Ave, Ste. D, Brighton, CO 80601.

4. Venue is proper in the District Court of Denver County pursuant to C.R.C.P. 98(c)(1) as all defendants are non-residents of Colorado and Plaintiff designates Adams County in his Complaint.

## FACTUAL ALLEGATIONS

5. Plaintiff incorporate(s) all previous allegations as though fully set forth herein.

6. On or about September 9, 2020 Defendant Perez was the operator of a commercial passenger bus vehicle and was traveling northbound, southbound on I-25 at Mile Post 14, in Las Animas, Colorado. Said vehicle was owned by Defendant AMC on said date and time.

7. On said date and time, Plaintiff was a passenger said vehicle being driven by Defendant Perez.

8. On said date and time, Defendant Guadalupe Ocon Perez failed to exercise due care, failed to maintain a proper lookout, drove too fast for the conditions then existing and failed to remain in his lane of travel causing the passenger bus to lose control and collide with the concrete barriers on both sides of the highway (hereinafter the "Collision").

9. On said date and time, Defendant Perez was operating the vehicle in a careless, negligent, and/or reckless manner without due regard for the safety of his passengers, such as Plaintiff.

10. On said date and time, Defendant Perez carelessly, negligently, and/or recklessly operated the bus thereby causing the Collision as well as Plaintiff's resulting injuries, damages, and losses.

11. On said date and time, Defendant Perez's careless, negligent, and/or reckless conduct was a direct and proximate cause of the aforementioned Collision.

12. Upon information and belief, on said date and time, Defendant Perez's careless, negligent, and/or reckless conduct was a direct and proximate cause of Plaintiff's injuries, damages, and losses.

13. As a direct and proximate result of the Collision, Plaintiff suffered economic and non-economic injuries, losses, and damages.

14. As a direct and proximate result of the careless, negligent, and reckless conduct of Defendant Perez, Plaintiff suffered economic and non-economic injuries, losses, and damages.

15. Plaintiff was not comparatively negligent in causing the Collision or in causing the injuries, damages, and losses sustained on said date and time.

16. On said date and time, Defendant Perez breached his duty to use reasonable care in the operation of the vehicle, without limitation, in the following ways:

   a. Failing to keep a proper lookout; and
   b. Driving too fast for the conditions then existing; and
   c. Failing to remain within his lane of travel; and
   d. Causing his vehicle to collide with the Plaintiff's vehicle; and
   e. Failing to operate the vehicle in a careful, safe, reasonable, and prudent manner.

17. When Defendant Perez operated the vehicle in a careless, negligent, and/or reckless manner on said date and time, Defendant Perez was in violation of applicable Colorado statutes and ordinances, including, but not limited to: C.R.S. § 42-4-1401, Reckless Driving; and C.R.S. § 42-4-1402, Careless Driving.

18. Plaintiff is a member of the class for whose protection C.R.S. § 42-4-1401 and C.R.S. § 42-4-1402 were enacted.

19. The Collision hereinabove described and the injuries, damages, and losses that Plaintiff suffered as a result of the incident are the kind of injuries, damages, and losses sought to be prevented by the passage of C.R.S. § 42-4-1401 and C.R.S. § 42-4-1402.

20. The above-mentioned statutory and ordinance violations were a direct and proximate cause of the collision between the vehicle operated by Defendant Perez and the vehicle operated by Plaintiff Mosqueda Ramirez.

21. The above-mentioned statutory and ordinance violations were a direct and proximate cause of Plaintiff's injuries, damages, and losses.

22. As a direct and proximate result of Defendant Perez's breaches of the aforementioned duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the accident as described above.

23. As a direct and proximate result of Defendant Perez's breaches of the aforementioned duties, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

24. As a direct and proximate result of Defendant Perez's breaches of the aforementioned duties, Plaintiff suffered permanent physical impairment.

25. As a direct and proximate result of Defendant Perez's breaches of the aforementioned duties, Plaintiff suffered permanent physical disfigurement.

26. Plaintiff is entitled to interest on his compensatory damages at the legal rate pursuant to C.R.S. §13-21-101.

## FIRST CLAIM FOR RELIEF
### Negligence of Defendant Guadalupe Ocon Perez
### Resulting in Personal Injury to Plaintiff

27. Plaintiff incorporate(s) all previous allegations as though fully set forth herein.

28. Defendant Guadalupe Ocon Perez owed Plaintiff a duty to exercise reasonable care in the operation of his vehicle on or about September 9, 2020.

29. On said date and time, Defendant Perez breached his duty to use reasonable care in the operation of the vehicle, without limitation, in the following ways:

   a. Failing to keep a proper lookout; and
   b. Driving too fast for the conditions then existing; and
   c. Failing to remain in his lane of travel; and
   d. Causing his vehicle to collide with the Plaintiff's vehicle; and
   e. Failing to operate the vehicle in a careful, safe, reasonable, and prudent manner.

30. On said date and time, Defendant Perez's careless, negligent, and/or reckless conduct was a direct and proximate cause of the aforementioned collision.

31. On said date and time, Defendant Perez's careless, negligent, and/or reckless conduct was a direct and proximate cause of Plaintiff's injuries, damages, and losses.

32. As a direct and proximate result of the Collision Plaintiff suffered economic and non-economic injuries, losses, and damages.

33. As a direct and proximate result of the careless, negligent, and reckless conduct of Defendant Perez, Plaintiff suffered economic and non-economic injuries, losses, and damages.

34. Plaintiff was not comparatively negligent in causing the Collision or in causing his injuries, damages, and losses sustained on said date and time.

35. As a direct and proximate result of Defendant Perez's breaches of the aforementioned duties, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, past and future loss of earnings, loss of earning capacity, loss of time, and other economic damages related to injuries sustained in the accident as described above.

36. As a direct and proximate result of Defendant Perez's breaches of the aforementioned duties, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress and impairment of quality of life.

37. As a direct and proximate result of Defendant Perez's breaches of the aforementioned duties, Plaintiff suffered permanent physical impairment.

38. As a direct and proximate result of Defendant Perez's breaches of the aforementioned duties, Plaintiff suffered permanent physical disfigurement.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se* of Defendant Guadalupe Ocon Perez
### Resulting in Personal Injury to Plaintiff

39. Plaintiff incorporate(s) all previous allegations as though fully set forth herein.

40. When Defendant Perez operated his vehicle in a careless, negligent, and/or reckless manner on or about the aforementioned date and time, Defendant Perez was in violation of applicable Colorado statutes and ordinances, including, but not limited to: C.R.S. § 42-4-1401, Reckless Driving; and C.R.S. § 42-4-1402, Careless Driving.

41. Plaintiff is a member of the class for whom protection the above-mentioned statutes were enacted.

42. The Collision hereinabove described and the injuries and/or damages that Plaintiff suffered as a result of that incident are the kind of injuries and/or damages sought to be prevented by the passage of the above-mentioned statutes and ordinances.

43. Defendant Perez's above-mentioned statutory and ordinance violations were a direct and proximate cause of the collision between the vehicle and the Plaintiff's vehicle.

44. Defendant Perez's above-mentioned statutory and ordinance violations were a direct and proximate cause of each of Plaintiff's injuries, damages, and losses.

45. Defendant Perez's above-mentioned statutory and ordinance violations were a direct and proximate cause of Plaintiff's economic and non-economic damages.

46. Defendant Perez's above-mentioned statutory and ordinance violations were a direct and proximate cause of Plaintiff incurring past and future economic expenses, losses and damages, including, but not limited to, past and future medical expenses, loss of earnings, and impairment of earning capacity.

47. Defendant Perez's above-mentioned statutory and ordinance violations were a direct and proximate cause of Plaintiff suffering non-economic damages including, but not limited to, mental and physical pain and suffering, loss of enjoyment of life, inconvenience, emotional stress, and impairment of quality of life.

48. Defendant Perez's above-mentioned statutory and ordinance violations were a direct and proximate cause of Plaintiff suffering in the past, and continuing to suffer in the future, permanent physical impairment.

49. Defendant Perez's above-mentioned statutory and ordinance violations were a direct and proximate cause of Plaintiff suffering in the past, and continuing to suffer in the future, permanent physical disfigurement.

## THIRD CLAIM FOR RELIEF
### Negligent Entrustment of Defendant AMC Bus, Inc.

50. Plaintiff incorporate(s) all previous allegations as though fully set forth herein.

51. At or about the aforementioned date, Defendant AMC entrusted Defendant Perez with use and control over the above referenced commercial vehicle/bus.

52. Upon information and belief, prior to entrusting use and control over the vehicle to Defendant Perez, Defendant AMC exercised control over the vehicle.

53. Defendant AMC owed Plaintiff a duty to exercise reasonable care in entrusting the use and control of the Vehicle to other persons.

54. Defendant AMC permitted Defendant Perez to use its Vehicle when it knew, or should have known, that Defendant Perez intended to, or was likely to, use the Vehicle in such a manner as to create and unreasonable risk of harm to others.

55. Defendant AMC breached its above-mentioned duty of care in allowing/permitting Defendant Perez to use and exercise control over the Vehicle.

56. Defendant AMC's breach of the aforementioned duty was a direct and proximate cause of Plaintiff's suffering, injuries, and damages.

57. As a direct and proximate result of Defendant AMC's negligent entrustment of the aforementioned vehicle to Defendant Perez, Plaintiff has sustained and continues to sustain economic and non-economic damages.

## FOURTH CLAIM FOR RELIEF
### Negligent Hiring, Training, Supervision, and Retention
### Of Defendant Guadalupe Ocon Perez by Defendant AMC Bus, Inc.

58. Plaintiff incorporate(s) all previous allegations as though fully set forth herein.

59. At all times material hereto, upon information and belief, Defendant Perez served as an employee and/or agent of and for Defendant AMC,

60. Defendant AMC owed Plaintiff a duty to exercise reasonable care in the hiring, supervision, training, and retention of its agents and/or employees.

61. Defendant AMC breached its aforementioned duty to Plaintiff by failing to exercise reasonable care in the hiring, supervision, training and retention of its agents and/or employees.

62. As a direct and proximate result of the above-mentioned breach of duty owed by Defendant AMC to Plaintiff to exercise reasonable care in the hiring, supervision, training, and retention of its agents and/or employees, Plaintiff suffered and continues to suffer injuries and/or damages, as indicated above.

## FIFTH CLAIM FOR RELIEF
### Vicarious Liability of Defendant AMC Bus, Inc.
### Pursuant to the Doctrine of *Respondeat Superior*

63. Plaintiff incorporate(s) all previous allegations as though fully set forth herein.

64. Upon information and belief, at or about the date and time aforementioned, Defendant Perez was an agent and/or employee of Defendant AMC.

65. Upon information and belief, at or about the date and time aforementioned, Defendant Perez was acting within the course and scope of employment and/or agency, and with the authority of Defendant AMC.

66. At or about the date and time aforementioned, the acts and/or omission of Defendant Perez including, but not limited to, the acts and/or omissions detailed in this Complaint, including claims of negligence and negligence *per se*, are by law deemed the acts and/or omissions of Defendant AMC.

## JURY DEMAND

Trial to a jury of six (6) is demanded on all issues so triable.

**WHEREFORE**, Plaintiff prays for this Court to enter Judgment against the Defendants Guadalupe Ocon Perez and AMC Bus, Inc. in an amount to be determined at trial and for the costs of this suit, for pre-judgment and post-judgment interest, costs, and expert witness fees, and for such other and further relief as the Court may deem just and proper.

DATED August 29, 2022

Respectfully submitted,

**COOK, BRADFORD & LEVY, LLC**

/s/ Jason D. Levy: #48571
Jason D. Levy: #48571
*Attorneys for the Plaintiff*

Plaintiff's address: 6981 E 75th Ave, Denver, CO 80222.